Filed 4/23/25 ProgenaBiome v. North End Advisory CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| PROGENABIOME, LLC,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>NORTH END ADVISORY LLC et al.,<br><br>Defendants and Respondents. | 2d Civil No. B339656<br>(Super. Ct. No. 2024CUCO024282)<br>(Ventura County) |

Appellant ProgenaBiome, LLC and respondents North End Advisory LLC, Vishwas Sinha, and Sonya Dave (collectively North End Advisory) each filed separate lawsuits in different states—California and Delaware. North End Advisory moved to stay or dismiss the lawsuit filed by ProgenaBiome in Ventura County Superior Court (the California action) for forum non conveniens. The trial court stayed the action. ProgenaBiome

appeals from that order.  (Code Civ. Proc.,[1] § 904.2, subd. (d).)  We affirm.

FACTS AND PROCEDURAL HISTORY

North End Advisory is a Delaware limited liability company with its principal place of business in Georgia.  Its members, Sinha and Dave, work remotely in Georgia as independent contractors for various companies, including ProgenaBiome.  ProgenaBiome is based in Ventura, California.

In 2022, ProgenaBiome entered into an agreement with North End Advisory for consulting services called the Statement of Work for Management Consulting Services (the Agreement).  The Agreement was signed by both parties.  In a section entitled "Dispute Resolution," the Agreement provides that "[a]ny mediation or lawsuits will be under the jurisdiction of the state of Delaware."

In 2024, North End Advisory filed a lawsuit against ProgenaBiome in the state of Delaware.  ProgenaBiome later filed the California action against North End Advisory in Ventura County Superior Court.  Both lawsuits involve the same parties and relate to the Agreement.

North End Advisory moved to dismiss or stay the California action for forum non conveniens (§ 418.10).  ProgenaBiome opposed the motion, arguing that neither party had presence in Delaware.

The trial court stayed the California action.  It found the Agreement contained a "valid and enforceable forum selection clause that encompasses all the claims in this case."  It also found that the electronic signatures appeared to be valid, and that the

---

[1] Further unspecified statutory references are to the Code of Civil Procedure.

2

complaint itself constituted "prima facie evidence there is a valid and enforceable forum selection clause that [ProgenaBiome] freely and voluntarily entered into." There was also a sufficient nexus between Delaware and the parties because North End Advisory was a Delaware limited liability company. The court concluded that the Delaware forum was " 'suitable', 'available,' and able to 'accomplish substantial justice.' [Citations.]"

DISCUSSION

ProgenaBiome contends the trial court erred in staying the California action for forum non conveniens. We disagree.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) ProgenaBiome's briefs do not contain a single citation to the record in violation of the applicable rules of appellate procedure.[2]

Notwithstanding ProgenaBiome's noncompliance, we exercise our discretion to review the challenge to the trial court's order staying the California action because North End Advisory has substantively responded to ProgenaBiome's arguments and

_____

[2] As the appellant, ProgenaBiome was required to provide a citation to the record for each factual or procedural statement contained in its briefs. (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 96, fn. 2; see Cal. Rules of Court, rule 8.204(a)(1)(C).) Because the factual assertions in ProgenaBiome's briefs are not supported by references to the record below, they cannot be considered and may be disregarded. (See *Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 816, fn. 5.)

the main issue is one that does not require an intensive review of the record.  (See *Doe v. Marysville Joint Unified School Dist.* (2023) 89 Cal.App.5th 910, 914, fn. 3; Cal. Rules of Court, rule 8.204(e)(2)(C).)

We review the decision to stay the California action for abuse of discretion.  (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751; *America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, 9 (*America Online*).)

Here, the dispute resolution provision in the Agreement contains a mandatory forum selection clause selecting Delaware as the exclusive jurisdiction for the place of litigation.  (See *Berg v. MTC Electronics Technologies Co.* (1998) 61 Cal.App.4th 349, 358 (*Berg*) [a mandatory forum selection clause includes express language of exclusivity of jurisdiction or a mandatory place of litigation].)  Such a mandatory forum selection clause is valid and enforceable so long as it is entered into freely and voluntarily and its enforcement would not be unreasonable.  (*Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 495-496; *America Online, supra*, 90 Cal.App.4th at p. 11.)  "[I]f there *is* a mandatory forum selection clause, the test is simply whether application of the clause is unfair or unreasonable, and the clause is usually given effect.  Claims that the previously chosen forum is unfair or inconvenient are generally rejected.  [Citation.]  A court will usually honor a mandatory forum selection clause without extensive analysis of factors relating to convenience.  [Citation.]  ' "Mere inconvenience or additional expense is not the test of unreasonableness . . ." ' of a mandatory forum selection clause.  [Citation.]"  (*Berg*, at pp. 358-359.)

We conclude there was no abuse of discretion in staying the California action.  The court found that the parties "freely and

voluntarily entered into" the mandatory forum selection clause and that ProgenaBiome did not show that it was invalid, unreasonable, or unenforceable.  The court also found there was a sufficient nexus to Delaware's jurisdiction because North End Advisory was a Delaware company.  It also found that enforcement of the forum selection clause would not "significantly impair[]" the "substantial legal rights" of consumers in California.  (*America Online, supra*, 90 Cal.App.4th at p. 12.)

ProgenaBiome argues the trial court erred in enforcing the mandatory forum selection clause because it would violate California public policy and diminish the interests of its citizens. We are not persuaded.  ProgenaBiome did not demonstrate how such rights were diminished, but instead focused on Delaware being an inconvenient forum.  But " ' "[m]ere inconvenience . . . is not the test of unreasonableness" ' " when there is a mandatory forum selection clause.  (*Berg, supra*, 61 Cal.App.4th at p. 359.) The court also found that the rights and interests of California consumers would not be significantly impaired.

To the extent ProgenaBiome contends its signature on the Agreement was invalid, an appellate court does not make factual determinations.  (*Jack v. Ring LLC* (2023) 91 Cal.App.5th 1186, 1212.)  We review the correctness of a judgment and presume the judgment of the trial court to be correct unless error is affirmatively shown.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  No error has been shown.

DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.


CODY, J.

Benjamin F. Coats, Judge

Superior Court County of Ventura

_____

Law Offices of Lee Sacks and Lee Sacks for Plaintiff and Appellant.

Law Office of Bruce B. Paller and Bruce B. Paller for Defendants and Respondents.